IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PURNIMA SOM | : | CIVIL ACTION |
| | : | |
| v. | : | No. 19-5353 |
| | : | |
| PRIME CARE MEDICAL, INC., et al. | : | |

**MEMORANDUM**

**Juan R. Sánchez, C.J.**                                                                 **September 28, 2020**

Plaintiff Purnima Som brings this civil rights action against Defendants Prime Care
Medical, Inc., County of Montgomery, Montgomery County Correctional Facility (MCCF), and
Judith McIlhone, RN, BSN, MHA. Som's claims arise out of Nurse McIlhone's alleged failure to
treat a broken wrist Som suffered after slipping and falling while incarcerated as a pretrial detainee
at MCCF. In her Amended Complaint, Som brings claims for inadequate medical care pursuant to
42 U.S.C. § 1983, negligence, gross negligence, intentional infliction of emotional distress, and
punitive damages. Defendants have moved to dismiss Som's claims pursuant to Federal Rule of
Civil Procedure 12(b)(6). The Court will dismiss (1) all claims against MCCF with prejudice
because it is not a legal entity separate from the County; and (2) the claim for punitive damages
against the County because punitive damages may not be sought against a municipality. The
balance of Defendants' motions will be denied.

**BACKGROUND**[1]

On December 20, 2017, while being held at MCCF as a pretrial detainee, correctional staff
transferred Som to a "holding pod" after she returned from a court proceeding. Prior to Som's
arrival, correctional staff had recently mopped the floor of the holding pod. While walking around

---

[1] In evaluating Defendants' motions to dismiss, the Court takes the well-pleaded facts set forth in
the Amended Compliant as true. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir.
2009).

the holding pod, Som's foot slipped and she fell due to a puddle of water on the floor. She landed on her right arm and heard a snap in her wrist.

The same day, Som complained of pain in her right arm and wrist and sought medical treatment from Nurse McIlhone. Nurse McIlhone provided medical services at MCCF pursuant to a contract between the County and Prime Care. In her meeting with Nurse McIlhone, Som identified the pain in her arm and wrist and stated she heard a snap when she fell. Som requested an x-ray and to be evaluated by a physician. Nurse McIlhone dismissed Som's complaints of pain, provided her ice, and told her there was nothing wrong with her. Nurse McIlhone did not perform an examination on Som. Despite applying the ice to her wrist, Som's pain persisted and she was granted permission to seek medical treatment a second time. At this point, Som's right wrist was visibly bruised and swollen. Nevertheless, Nurse McIlhone did not examine Som and only provided her with another bag of ice.

Three days later, on December 23, 2017, Som was released from MCCF. The following day, she sought emergency medical treatment at Taylor Hospital. After reviewing an x-ray of Som's right wrist, a physician diagnosed Som with a "right wrist fracture, intra[-]articular fracture of [the] lower end of her right radius[,] and closed intra-articular fracture of the distal end of the right radius." Am. Compl. ¶ 30.

On November 8, 2019, Som filed the instant action. Defendants then moved to dismiss the Complaint for failure to state a claim. In response, Som filed an Amended Complaint. On February 5, 2020, and February 18, 2020, Defendants moved to dismiss the Amended Complaint for failure to state a claim.

**DISCUSSION**

The Court will dismiss (1) all claims against MCCF with prejudice because it is not a legal entity separate from the County; and (2) the claim for punitive damages against the County because

punitive damages may not be sought against a municipality. The Court will deny the balance of the motions.

A court must deny a motion to dismiss when, "accepting all the factual allegations as true and drawing every reasonable inference in favor of the [plaintiff]," the complaint alleges "a claim that is plausible on its face." *Owner Operator Indep. Drivers Ass'n, Inc. v. Pa. Tpk. Comm'n*, 934 F.3d 283, 290 n.7 (3d Cir. 2019). A complaint "does not need detailed factual allegations" if it contains something "more than labels and conclusions." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court will apply this standard to Som's claims in turn.[2]

At the outset, all claims against MCCF will be dismissed because MCCF is not a separate entity from the County capable of being sued. Under Federal Rule of Civil Procedure 17(b), the capacity of a party to be sued in federal district court is "determined by the law of the state in which the district court is held." Pennsylvania law provides that counties have the capacity to sue and be sued. *See* 16 Pa. Cons. Stat. § 202(2). However, county departments and agencies—such as MCCF—have no "legal identity separate from [the county]." *See Duffy v. Cty. of Bucks*, 7 F. Supp. 2d 569, 579 (E.D. Pa. 1998). Furthermore, it is well settled in this Circuit that a correctional facility "is  not a person capable of being sued within the meaning of § 1983." *See, e.g.*, *Lenhart v. Pennsylvania*, 528 F. App'x 111, 114 (3d Cir. 2013). Accordingly, MCCF is not subject to suit as a separate legal entity from the County and the claims against MCCF will be dismissed with prejudice.

---

[2] Defendants do not seek to dismiss Som's claims for negligence and gross negligence as they are alleged against Prime Care, Nurse McIlhone, and the County. Rather, they ask the Court to remand these claims to state court on the basis that Som cannot plead a valid § 1983 action and, therefore, the Court should not exercise supplemental jurisdiction over these claims. As discussed below, Som has stated a valid § 1983 claim against these Defendants. As a result, this request is moot and these claims will not be further discussed.

Next, Som has stated valid § 1983 claims against Prime Care, Nurse McIlhone, and the County. Section 1983 "provides a cause of action against 'every person who,' under color of state law, 'subjects, or causes to be subjected,' another person to a deprivation of a federally protected right." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014) (quoting 42 U.S.C. § 1983), *rev'd on other grounds sub nom. Taylor v. Barkes*, 135 S. Ct. 2042 (2015). To maintain a cause of action under § 1983, a plaintiff "must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

First, Som has stated a valid § 1983 claim against Nurse McIlhone for inadequate medical care pursuant to the Fourteenth Amendment. A prisoner's right to adequate medical care arises under the Eighth Amendment, which prohibits cruel and unusual punishment. *See Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). The Due Process Clause of the Fourteenth Amendment secures the same right to adequate medical care for pretrial detainees as the Eighth Amendment provides for convicted prisoners. *See Colburn v. Upper Darby Twp.*, 838 F.2d 663, 668 (3d Cir. 1988).

To sustain a claim of inadequate medical care, a plaintiff must demonstrate: (A) a subjective showing of deliberate indifference on the part of the prison officials; and (B) an objective showing that the prisoner's medical needs were serious. *See Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017). The Third Circuit has found deliberate indifference where a prison official: "(1) knows of a prisoners need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse*, 182 F.3d at 197. Defendants assert Som has failed to allege Nurse McIlhone acted with deliberate indifference. The Court disagrees.

4

Som has sufficiently alleged Nurse McIlhone acted with deliberate indifference by delaying necessary medical treatment based on a non-medical reason. The Amended Complaint alleges Nurse McIlhone, on two occasions, ignored Som's complaints of pain and refused to send her for an x-ray or examination by a physician after Som presented with obvious signs of a fracture and informed Nurse McIlhone she heard a snap when she fell. The Amended Complaint asserts the reason for this refusal was Nurse McIlhone's knowledge of Som's impending release and an attempt to minimize costs to Prime Care and the County. These allegations sufficiently plead a "delay[] [in] necessary medical treatment based on a non-medical reason." *Rouse*, 182 F.3d at 197. Accordingly, Som has stated a valid § 1983 inadequate medical treatment claim against Nurse McIlhone.

Som has also sufficiently stated a § 1983 claim against Prime Care and the County under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). To sustain a § 1983 claim against a municipality or a private corporation providing medical services under contract with a prison system, a plaintiff must allege "a policy or custom . . . resulted in the alleged constitutional violations." *Palakovic v. Wetzel*, 854 F.3d 209, 232 (3d Cir. 2017) (citing *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 583-84 (2d Cir. 2003)).

Som has sufficiently alleged a policy resulted in a violation of her right to adequate medical care and has therefore properly pled her *Monell* claim. Specifically, the Amended Complaint alleges:

> Montgomery County and MCCF have a history of failing to ensure through training, supervision and discipline that the medical staff at MCCF, in necessary circumstances, conduct diagnostic testing and/or make a referral for outside services . . . .

> It is believed and therefore averred that Montgomery County and Prime entered into a written contract which created a financial disincentive to meet the serious medical needs for inmates who required more extensive examinations and/or outside referrals.

5

Am. Compl. ¶ 38-39. As discussed above, the Amended Complaint further alleges Nurse McIlhone

denied Som necessary medical treatment in an attempt to cut costs pursuant to this contract. As

this Court has previously held, an allegation that a contract between a prison and a healthcare

provider created a financial disincentive to meet the serious needs of inmates—along with

allegations that a medical provider acted pursuant to the resulting policy, practice, or custom which

discouraged outside referrals—is sufficient to sustain a *Monell* claim against a municipality and

the prison medical provider. *See, e.g.*, *D'Agostino v. Montgomery Cty.*, No. 11-7728, 2012 WL

425071, at *4 (E.D. Pa. Feb. 9, 2012); *Kenney v. Montgomery Cty.*, No. 13-2590, 2013 WL

5356862, at *7-8 (E.D. Pa. Sept. 25, 2013). Thus, Som has sufficiently stated a § 1983 claim

against the County and Prime Care pursuant to *Monell*.

Next, Som has stated a claim for intentional infliction of emotional distress against Nurse

McIlhon. To state a claim for intentional infliction of emotional distress, a plaintiff must show

"(1) the conduct is extreme; (2) the conduct is intentional or reckless; (3) the conduct caused

emotional distress; and (4) the distress is severe."[3] *See Kornegey v. City of Philadelphia*, 299 F.

Supp. 3d 675, 684 (E.D. Pa. 2018). A defendant's conduct must be "so outrageous in character

and so extreme in degree as to go beyond all possible bounds of decency and to be regarded as

atrocious and utterly intolerable in a civilized society." *McGreevy v. Stroup*, 413 F.3d 359, 371

(3d Cir. 2005).

Som alleges Nurse McIlhon—on two occasions—ignored her complaints of pain, failed to

conduct a physical examination, failed to refer her for further examination by a physician or by x-

ray, and merely gave her a bag of ice for her wrist, which showed obvious signs of fracture and

was subsequently found to be fractured in three places. These facts, if proven, may demonstrate

---

[3] The only basis Defendants assert for dismissal is Som's alleged failure to plead extreme and outrageous conduct. Therefore, the other elements of this claim will not be discussed.

extreme and outrageous conduct. *See Cater v. Morrison*, No. 06-3000, 2007 WL 4233500, at \*9 (E.D. Pa. Nov. 28, 2007) (collecting cases and stating "Third Circuit courts have, for example, refused to dismiss intentional infliction of emotional distress claims brought by prisoners based on allegations that prison officials . . . failed to take seriously a prisoner's medical problems" and engaged in a continued course of conduct). As a result, Som has pled an intentional infliction of emotional distress claim sufficient to withstand a motion to dismiss.

Lastly, Som cannot seek punitive damages against the County. However, the Court will not dismiss Som's punitive damages claims against Prime Care and Nurse McIlhon at this stage. As to the County, it is well settled that a plaintiff may not seek punitive damages against a municipality. *See Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981) ("[W]e hold that a municipality is immune from punitive damages under 42 U.S.C. § 1983."); *City of Phila. Office of Hous. & Cmty. Dev. v. Am. Fed'n of State Cty & Mun. Emps, Local Union No. 1971*, 876 A.2d 375, 378 (Pa. 2005) ("[G]overnment agencies have long been exempt from the imposition of punitive damages.").[4] As for Prime Care and Nurse McIlhon, there is no prohibition on punitive damages. Given the allegations in the Amended Complaint, the Court finds it too early to decide whether Som may seek punitive damages against Prime Care and Nurse McIlhone. As a result, the Court will deny Prime Care and Nurse McIlhon's motion as to Som's punitive damages claims, subject to reassertion at a later time.

**CONCLUSION**

In sum, the Court will dismiss (1) all claims against MCCF with prejudice because it does not have a legal identity separate from the County; and (2) the claim for punitive damages against

---

[4] Som does not appear to dispute this as she does not address the issue of punitive damages in her response to the County's motion to dismiss. *See generally* Resp. in Opp'n, ECF No. 19.

the County because punitive damages may not be sought against a municipality. The Court will

deny the balance of the motions.

An appropriate order follows.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, C.J.

8